# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**PEARLE VISION, INC,**

      **Plaintiff,**

**-vs-**                                                **Case No.  2:04-cv-357-FtM-29DNF**

**VISION CARE OF FORT MYERS, INC.,**
**ET AL.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This is an action for trademark infringement and for breach of contract against Vision Case of Ft. Myers, Inc. ("Vision Care"), Loran A. Bennett, and Bettie Michele Guyton Bennett. On December 8, 2004, the Court entered an Order (Doc. 46) which permitted attorney Gregory Nussbickel to withdraw as counsel for the Defendants. The Court required that new counsel file a notice of appearance within thirty (30) days. On January 18, 2005, the Court entered an Order to Show Cause (Doc. 54) why a default should not be entered against Vision Care due to its failure to retain counsel. The Court deemed Loran Bennett and Bettie Bennett to be proceeding without the benefit of counsel, however pursuant to Local Rule 2.03(d), a corporation may appear only through counsel admitted to practice in this district. The Court granted Vision Care twenty (20) days in which to show cause in writing why a default should not be entered against it for failing to retain counsel. The Court entered a second Order to Show Cause (Doc. 65) on March 1, 2005, again requiring Vision Care to show cause why a default should not be entered against it for failing to obtain counsel. On March 15, 2005,

Bettie Guyton Bennett filed a response (Doc. 71) to the Order to Show Cause stating that Loran Bennett was attempting to obtain counsel for Vision Care. The Court again granted Vision Care additional time, until April 8, 2005, in which to obtain new counsel. Mr. Bennett filed a Response (Doc. 74) to the second Order to Show Cause explaining his difficulties in obtaining counsel for the corporation. Mr. Bennett states in his Response that he does not have funds available to obtain counsel for the corporation. Further, he states that Vision Care is heavily indebted to its creditors and has no assets. It appears from Mr. Bennett's statements that Vision Care is unable to retain counsel for this case. Although the Court sympathizes with Mr. Bennett's personal problems, the Court has given the Bennetts every opportunity to retain counsel for Vision Care.

Therefore, it is respectfully recommended that a default be entered against Vision Care of Ft. Myers, Inc. and its pleadings be stricken.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] In his Response (Doc. 74), Loran Bennett requests that the Court dismiss Vision Care of Fort Myers, Inc.'s counterclaim. Mr. Bennett is not permitted to represent Vision Care, and therefore has no authority to dismiss its claims.

Respectfully recommended in Chambers in Ft. Myers, Florida this April 13th, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record
Unrepresented Parties