```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

PEARLE VISION, INC.,

                      Plaintiff,

vs.                               Case No. 2:04-cv-357-FTM-29DNF

VISION CARE OF FT. MYERS, INC.,
A FLORIDA CORPORATION, LORAN A.
BENNET, an INDIVIDUAL, and BETTIE
MICHELLE GUYTON BENNETT,
an INDIVIDUAL

                      Defendants.
_____

## OPINION AND ORDER

    This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #62). Plaintiff also submitted a Memorandum in support of its Motion for Summary Judgment (Doc. #63) as well as depositions, declarations, a statement of material facts and other documents (Docs. #58-61, 64, 66) to support this motion. Defendants have not filed a response and the time to do so has expired.

**I.**

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).  To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

**II.**

This is an action for trademark infringement and for breach of contract against the Vision Care of Ft. Myers, Inc. and individual defendants Loran A. Bennett and Bettie Michelle Guyton Bennett ("Mr. And Mrs. Bennett").  The following is undisputed. Defendants Mr. and Mrs. Bennett entered into a franchise agreement ("FA") with plaintiff Pearle Vision, Inc. ("PVI") on November 24, 1984.  (Doc. #48, pg. 10, ¶6).  This FA licensed to defendants the use of the "Pearle Vision System"  ("the System"), which is a "distinctive method for the retail sale of optical products and services using a defined business method and distinguished from other retail

2

optical businesses by, among other things, store layouts, signs, color schemes, and certain trade names, trademarks, logos, and other indicia of origin." (Doc. #61, pg. 2). The parties renewed the FA in writing several times. (Doc. #48, pg. 10, ¶6). The basis of this action is the non-renewal of the FA for the period July 24, 1998 through July 24, 2003 ("'98 renewal"). PVI terminated the FA via a Final Notice of Termination dated May 18, 2004. (Doc. #48, pg. 11, ¶13). Defendants then proceeded to maintain a retail optical store under the name Vison Care of Ft. Myers, Inc. ("Vision Care" or "Competing Business").

### III.

To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, plaintiff must allege that: (1) plaintiff has a valid trademark; (2) defendant used an identical or similar mark in commerce without plaintiff's consent; (3) defendant's use postdates plaintiff's use; and (4) defendant's use is likely to cause confusion. International Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1248 (11th Cir. 2002); Davidoff & Cie, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300-01 (11th Cir. 2001); Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir. 1998). Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. See Abruzzo v. Haller, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999).

Plaintiff has alleged in the Complaint (Doc. #1) its

3

ownership, registration, and use of certain "trade names, service marks, trademarks, logos, emblems and indicia of origin, including but not limited to the name and mark PEARLE VISION ("PVI's Marks")." (¶ 10). Plaintiff also alleged that PVI's Marks are associated exclusively with plaintiff, are distinctive of plaintiff's products and services, and have "met with widespread public approval and have established demand and goodwill among customers throughout the United States, including the State of Florida." (¶¶ 13-14,17). The Complaint further alleges that "PVI and its franchisees use PVI's Marks as the marks and trade identity by which the products and services offered by PVI and its franchisees are distinguished from other vision care stores and the products and services made and sold by them" and that PVI's franchise agreements expressly authorize and limit the manner and location franchisees may operate Pearle Vision Stores using PVI's Marks and utilizing the System. (¶¶ 15,16). The Complaint further alleges that despite termination of the FA between PVI and defendants, defendants have continued to operate a vison care retail store which offers optical products and services using PVI's Marks and holding the business out to the public as an authorized Pearle Vision retail store and represents the business and products offered as being authorized by PVI. (¶ 30). Finally, the Complaint asserts that "defendants' use of PVI's Marks, the System and Confidential Information is without the license or consent of PVI and has caused or is likely to cause mistake, confusion, or deception in the minds of the public as to source affiliation and sponsorship." (¶32).

Defendants did not file a response or otherwise develop the record.  To avoid the entry of summary judgment, defendants must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). The Court concludes that the uncontroverted allegations and facts outlined above along with those further developed by plaintiff in the record, which the Court has carefully reviewed, sufficiently prove the required elements for a claim of trademark infringement under the Lanham Act and a claim of breach of contract under Florida law, and the damages sought by plaintiff. Summary Judgment in plaintiff's favor is due to be granted.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. #62) is **GRANTED** against Vision Care of Ft. Myers, Inc., Loran A. Bennett and Bettie Michelle Guyton Bennett.  The Clerk shall enter judgment on behalf of plaintiff against the Vision Care of Ft. Myers, Inc. and Loran A. Bennett and Bettie Michelle Guyton Bennett in the amounts of $27,974.73 as Lanham Act damages and $11,751.60 plus post-judgment interest accruing at a rate of  3.37%  per annum as franchise agreement damages.  An injunction will issue by a separate document.

2.   All pending motions are denied as **moot**, including

plaintiff's Motion for Sanctions Against Defendants (Doc. #77), and the Clerk shall close the file.

    3.  The Pretrial Conference set for Monday May 16, 2005, is hereby cancelled.

    **DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of May, 2005.

                                       JOHN E. STEELE
                                       United States District Judge

Copies:
District Courtroom Deputy
Counsel of Record