```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

PEARLE VISION, INC,

        Plaintiff,

vs.                                    Case No. 2:04-cv-357-FtM-29DNF

VISION CARE OF FORT MYERS, INC., ET AL.,

        Defendants.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Tax Attorney's Fees (Doc. #84), filed on May 27, 2005. No response has been filed and the time to do so has now expired. Plaintiff seeks attorney fees as a prevailing party on the basis of a clause in the Franchise Agreement and under the Lanham Act. Plaintiff seeks $118,098.40 in attorney and paralegal fees.

**I.**

     The Complaint (Doc. #84) provides that Pearle Vision, Inc. (plaintiff), a corporation in the business of operating and granting franchises to operate Pearl Vision retail stores, licenses to its franchisees a "distinct, uniform system" for the establishment and operation of Pearle Vision retail stores. Plaintiff uses trade names, service marks, trademarks, logos, emblems and indicia of origin, to identify the source, origin and

sponsorship of retail stores. Plaintiff has registered its marks with the United States Patent Office.

On or about July 24, 1998, plaintiff entered into a written Franchise Agreement with defendants for the right to operate a Pearle Vision retail store. The Franchise Agreement was signed by Vision Care of Ft. Myers, Inc. and by the individual defendants in their individual capacity. The Franchise Agreement provided that it would expire upon termination of the lease if the lease expired within 10 years. The lease expired on July 24, 2003. Plaintiff alleges that defendants were provided numerous extensions of the Franchise Agreement, with the last one expiring on April 30, 2004. As a result, a Final Notice of Termination was issued to defendants requiring payment of all unpaid amounts owing, and to comply with post-termination obligations.

Plaintiff alleges that defendants failed to meet the obligations or to pay the amounts owing, and continued to operate using plaintiff's marks. Plaintiff filed the action under the Lanham Act for trademark infringement; for breach of contract regarding post-termination obligations; for breach of contract for failure to pay royalties, advertising contributions and amounts for goods and services billed; and unjust enrichment.

Defendants filed an Answer and Affirmative Defenses (Doc. #19) on August 18, 2004, and an Amended Answer and Counterclaim (Doc. #48) was filed on December 16, 2004. On April 13, 2005, the Magistrate Judge issued a Report and Recommendation (Doc. #76)

recommending that a default be entered against defendant Vision Care of Ft. Myers, Inc. and that its pleadings be stricken. On May 11, 2005, the Court entered an Opinion and Order (Doc. #78) adopting the Report and Recommendation, striking the Answer and Counterclaim as to defendant Vision Care of Ft. Myers, Inc., and directing the entry of a default. The counterclaims as to the individual defendants were voluntarily dismissed without prejudice. On May 11, 2005, the Court entered an Opinion and Order (Doc. #79) granting summary judgment against Vision Care of Ft. Myers, Inc., Loran A. Bennett and Bettie Michelle Guyton Bennett, and issued a Permanent Injunction (Doc. #80) against the same. Judgment (Doc. #82) was entered on May 13, 2005.

## II.

Absent statutory authority or an enforceable contract, attorney fees are ordinarily not recoverable. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).

Under 15 U.S.C. § 1117(a), when a violation of a trademark has been established, ". . . The court in exceptional cases may award reasonable attorney fees to the prevailing party." The Court granted summary judgment in favor of Pearle Vision and an injunction against defendants. Therefore, Pearle Vision is the prevailing party. "[A]n "exceptional case" is one that can be characterized as malicious, fraudulent, deliberate and willful or one in which evidence of fraud or bad faith exists." Tire Kingdom,

Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) (internal quotations and citations omitted). Under the circumstances of this case, the Court cannot find that exceptional circumstances exist entitling plaintiff to fees. Therefore the request for fees pursuant to the statute will be denied.

### III.

The Franchise Agreement provides, in relevant part, that "Franchisee agrees to reimburse [Pearle Vision] for any reasonable attorneys' fees, experts' fees, court costs and expenses of litigation [Pearle Vision] incurs related to its successful enforcement of this Agreement." (Doc. #1, Ex. A, ¶ 30). Plaintiff did achieve successful enforcement of the Agreement based on the entry of the Injunction and the Judgment. The Court therefore finds that plaintiff is entitled attorney fees pursuant to the Franchise Agreement.

The Franchise Agreement is governed by Ohio law. Ohio law has found such a Franchise Agreement enforceable absent a showing of grossly unequal bargaining positions, misunderstanding, deception, or duress. Goldfarb v. The Robb Report, Inc., 655 N.E. 2d 211, 219 (Ohio Ct. App. 1995). No such showing has been made here. The amount of attorney fees to be awarded is based upon the lodestar calculation, which multiplies the number of reasonable hours expended by the reasonable hourly rate, and then potentially applies a multiplier to the resulting amount. See Turner v. Progressive Corp., 746 N.E. 2d 702, 705 (Ohio Ct. App. 2000).

Counsel Christian C. Burden claims 293 hours at a rate of $325.00 an hour; E. Colin Thompson claims 61.7 hours at a rate of $190.00 an hour; and S. Douglas Knox claims 42.5 hours at a rate of $175.00 an hour. Plaintiff also seeks fees for 29.7 hours expended by paralegal staff (Katherine Homer and Robyn Turner) at a rate of $125.00 an hour. Plaintiff seeks a total of $118,098.40. The Affidavit of Christian C. Burden (Doc. #84, Ex. A) states that Mr. Burden is a partner who has been practicing for 10 years (admitted in 1995); Mr. Thompson is a two year associate; and Mr. Knox is a one year associate. Plaintiff has also filed the Declaration of Karen Meyer Buesing (Doc. #84, Ex. C), an attorney practicing in Tampa, Florida, since 1982, who attests that the $118,098.40 requested is a reasonable fee.

**A.**

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The prevailing market in this case is Fort Myers, Florida, not Tampa, Florida. The Court finds that the hourly rate for Mr. Burden is excessive in light of local prevailing rates. The Court will reduce the hourly rate to $250.00 an hour. See Case No. 2:03-cv-689-FtM-29SPC ($290.00 was a reasonable hourly rate for attorneys admitted in 1984 and 1967). The Court finds that the hourly rates for the associates are reasonable. The hourly rates

for the paralegal staff members will also be reduced from $125.00 an hour to $75.00 an hour.

**B.**

Having reviewed the Billing Records (Doc. #84, Ex. B, Attach.), the Court finds that the following hours for Mr. Burden should be reduced or eliminated as the hours include attorney travel time and counsel has not demonstrated the reasonableness of the hours, or because the hours include telephone calls made to Chambers:

| DATE | HOURS REQUESTED | REDUCED TO HOURS |
|---|---|---|
| 7/16/05 | 5.50 | 1.0 |
| 8/22/04 | 10.20 | 2.0 |
| 8/23/04 | 6.50 | 1.0 |
| 11/19/04 | 13.40 | 0.00 |
| 1/14/05 | 9.50 | 0.00 |
| 1/16/05 | 8.50 | 0.00 |
| 1/17/05 | 9.20 | 1.0 |
| 1/18/05 | 9.50 | 1.0 |
| 1/24/05 | 13.00 | 0.00 |
| 1/28/05 | 4.80 | 1.0 |
| TOTALS | 90.1 | 7.0 |

Therefore, the Court will reduce the 293 hours requested for Mr. Burden to 209.9 hours. Additionally, the 1.40 hours for Robyn Turner, for March 1, 2005, will be reduced to 0.5 as excessive, and

the 0.50 hours requested on March 2, 2005, will be eliminated. The total paralegal hours will be reduced from 29.7 to 28.3 hours.

**C.**

The Court finds that plaintiff is entitled to attorney fees as follows: (1) 209.9 hours at a rate of $250.00 ($52,475.00); (2) 61.7 hours at a rate of $190.00 ($11,723.00); (3) 42.5 hours at a rate of $175.00 ($7,437.90); and (4) 28.3 hours at a rate of $75.00 ($2,122.50) for a total of $73,758.40.

**IV.**

On May 26, 2005, plaintiff filed a Bill of Costs (Doc. #83) seeking taxation of costs in the amount of $5,846.75. The costs were taxed on June 3, 2005. (See Doc. #85). Upon review of the amount requested, the Court notes that plaintiff requested $506.25 for interpreter costs. The attached itemization reflects a mediation bill for the amount of $506.25 but no interpreter invoice. (Doc. #83, p. 31). Mediation costs are not taxable costs under 28 U.S.C. § 1920 and therefore the costs taxed will be reduced.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Tax Attorney's Fees (Doc. #84) is **GRANTED** to the extent that plaintiff is entitled to $73,758.40 in attorney fees.

2. The costs taxed on June 3, 2005, are reduced to $5,340.50.

3.  The Clerk is directed to enter an Amended Judgment adding that plaintiff is entitled to $73,758.40 in attorney fees and $5,340.50 in costs.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of July, 2005.

                                                             _____
                                                             JOHN E. STEELE
                                                             United States District Judge

Copies:
Counsel of record